## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MICHAEL WESLEY WATTERS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-19-651-G** |
| | ) | |
| **LONNIE LAWSON, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>ORDER</u>

This matter is before the Court for review of the Report and Recommendation ("R. & R.") (Doc. No. 17) issued by Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Judge Erwin recommends the denial of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 1) filed by Petitioner Michael Wesley Watters on July 18, 2019. Within the time period authorized by the Court, Petitioner has filed an Objection (Doc. No. 18) to the R. & R. Accordingly, the Court must make a de novo determination of any portion of the R. & R. to which a specific objection is made and may accept, modify, or reject the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus with respect to the December 2017 order of the Noble County District Court accelerating a previously deferred sentence for charges of child abuse and assault and battery. The Petition asserts eight claims for relief. In the 32-page R. & R., Judge Erwin conducts a

thorough analysis of the Petition, the State's Answer (Doc. No. 14), and the relevant record, and concludes that relief is not warranted on any of the claims alleged.

Liberally construing the Objection, Petitioner challenges the legal conclusions reached by Judge Erwin and objects to Judge Erwin's deference to state-court findings of fact. Petitioner does not object to Judge Erwin's summary of the relevant case history and the generally applicable legal standards; therefore, further review of these portions of the R. & R. is waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Judge Erwin concluded that as to Grounds 1, 3(b), 4, 5, 6, and 8, the rejection of these claims on their merits by the Oklahoma Court of Criminal Appeals ("OCCA") was not an unreasonable application of or contrary to clearly established federal law. *See* R. & R. at 7-13, 15-28; 28 U.S.C. § 2254(d)(1). Petitioner's Objection largely restates his previous arguments and shows no error in Judge Erwin's analysis of these claims.[1]

Judge Erwin also found that the OCCA had applied an independent and adequate rule in determining that Petitioner had waived review of Grounds 2 and 3(a),[2] such that

---

[1] Although Petitioner's Objection emphasizes that he entered a plea of no contest rather than a guilty plea as a form of "protest" to the invalid proceedings, the distinction is immaterial for federal habeas purposes. Pet'r's Obj. at 1; *see North Carolina v. Alford*, 400 U.S. 25, 37 (1970); *see, e.g.*, *Braun v. Ward*, 190 F.3d 1181, 1184-90 (10th Cir. 1999).

[2] Although the R. & R. relies on a case discussing a different waiver than the one applied by the OCCA here, the undersigned reaches the same conclusion—i.e., that the OCCA applied an independent and adequate state procedural rule when it applied OCCA Rule 4.2(b) to find that the relevant claims were waived. *See Wood v. Lawson*, No. CIV-18-851-SLP, 2018 WL 6576418, at *5-6 (W.D. Okla. Oct. 17, 2018) (R. & R.), *adopted*, 2018 WL 6579921 (W.D. Okla. Dec. 13, 2018).

federal habeas review is barred absent a showing of cause and prejudice or that a miscarriage of justice will occur absent review, and that no such showing has been made. *See* R. & R. at 13-15; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner's Objection, which repeats his claims of innocence and insufficient evidence but concedes that he has no new evidence to share, fails to show any deficiency in these findings. *See* Pet'r's Obj. at 3-4; *McQuiggin v. Perkins*, 569 U.S. 383, 386, 401 (2013).

Upon acceleration of his deferred sentence, Petitioner was sentenced on the child-abuse count to twenty years in prison, with all but the first 10 years suspended. Pet. at 1. In Ground 7, Petitioner argues that this sentence is excessive and therefore violative of the Eighth Amendment. Judge Erwin noted a potential procedural bar but addressed the argument on its merits, ultimately finding that the sentence was not constitutionally infirm. *See* R. & R. at 28-29.

The Court sees no error here. Petitioner's conviction carried the possibility of life in prison, and Petitioner's broad objection that he is "serving a sentence for a crime he did not commit" fails to demonstrate that the sentence rendered was grossly disproportionate to the gravity of the crime of conviction. Pet'r's Obj. at 6; *see* Okla. Stat. tit. 21, § 843.5(A); *Lockyer v. Andrade*, 538 U.S. 63, 72-77 (2003); *see also United States v. Gillespie*, 452 F.3d 1183, 1190 (10th Cir. 2006) ("Generally, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment."). Accordingly, Petitioner is not entitled to habeas relief on this ground.

CONCLUSION

For the reasons outlined above, the Court ADOPTS the Report and Recommendation (Doc. No. 17) in its entirety.

IT IS THEREFORE ORDERED that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 1) is DENIED. A separate judgment shall be entered.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability when it enters a final order adverse to a petitioner. A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Further, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Upon review, the Court concludes that the requisite standard is not met in this case. Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED this 19th day of March, 2021.

CHARLES B. GOODWIN
United States District Judge